1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERNANIE LATORRE                         No.  2:20–cv–0886–JAM–CKD PS

12              Plaintiff,                    FINDINGS AND RECOMMENDATIONS TO
                                             DISMISS FOR FAILURE TO PROSECUTE
13        v.
                                              (ECF No. 10)
14   RAYMUNDO CALARO, et al.,

15              Defendants.

16

17          On December 3, 2020, the undersigned issued an order requiring plaintiff to show cause,

18   within 14 days, why this case should not be dismissed pursuant to Federal Rules of Civil

19   Procedure 4(m) or 41(b).  (ECF No. 10.)  Plaintiff has not responded to the order to show cause,

20   which was returned due to expiration of plaintiff's mail forwarding service.  (See Docket Entry

21   Dec. 8, 2020.)  Nor has plaintiff filed proof of service upon any defendant named in this action, as

22   directed in two prior court orders.  Accordingly, the undersigned recommends this case be

23   dismissed with prejudice.

24   **BACKGROUND**

25          Plaintiff, proceeding pro se, filed this action on April 30, 2020 naming more than thirty

26   individual defendants in her complaint.[1]  (ECF No. 1.)  Summonses were mailed to plaintiff on

27
     _____
28   [1] On July 21, 2020, plaintiff filed a document styled as a "continuation" of her allegations, which
     was docketed as a First Amended Complaint. (ECF No. 8.)

                                              1

May 4, 2020, along with a case scheduling order informing plaintiff that, under Federal Rule of Civil Procedure 4(m), she must serve the defendants within 90 days of the date the complaint was filed—and file a certificate of service with the court—or risk dismissal of the action.  (See Docket Entry May 4, 2020; ECF Nos. 2-5, 6 at 1-2.)

On September 30, 2020, with no indication of any defendant having been served, the court instructed plaintiff regarding the service requirements of the Federal Rules of Civil Procedure and granted plaintiff an additional 60 days to effectuate service on the defendants.  (ECF No. 9.)  That order cautioned plaintiff that "if she fails to serve any defendant, or file the required certificates of service, plaintiff's complaint will be subject to dismissal as to those defendants."  (Id. at 2.)

On December 3, 2020, still having received no indication of service on any defendant, the court issued an order for plaintiff to show cause why this action should not be dismissed under Federal Rules of Civil Procedure 4(m) or 41(b) based on plaintiff's failure to timely serve the named defendants and failure to comply with the court's orders.  (ECF No. 10.)  The court again warned plaintiff that any defendants not timely served would be subject to dismissal, and that failure to comply with the order "will result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or 41(b)."  (Id. at 2.)

The Clerk of Court mailed the court's December 3 order to show cause (along with another copy of the court's September 30 order) to plaintiff's address of record on Scottsdale Drive in Sacramento, California.  (See Docket Entry Dec. 3, 2020.)  But on December 8, 2020, the order to show cause was returned to the court by the postal service with a notification that the forwarding time had expired.  (See Docket Entry Dec. 8, 2020.)  More than 14 days have now passed without a response from plaintiff.  Accordingly, the undersigned recommends dismissing this case with prejudice under Rule 41(b).

**DISCUSSION**

### A. Dismissal Would Be Warranted Under Rule 4(m)

As plaintiff was informed in the court's September 30, 2020 order, Federal Rule of Civil Procedure 4(m) provides, in relevant part:

////

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Well over 90 days have passed since the complaint was filed, and the court has already granted an extension of time for service.  Because plaintiff has not shown good cause for failing to serve any defendant—indeed has not responded at all to the court's orders regarding service—dismissal is warranted for the claims against all defendants pursuant to Rule 4(m).  Dismissal pursuant to Rule 4(m) would be without prejudice.

**B.  Dismissal Under Rule 41(b)**

This action is also subject to dismissal with prejudice under Federal Rule of Civil Procedure 41(b) as a result of plaintiff's failures to:  (1) prosecute this action, (2) comply with the Federal Rules, (3) comply with the court's scheduling order, (4) comply with this court's local rules, and (5) comply with the court's two orders regarding service.

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant Rule 41(b) where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

////

3

This court's Local Rules are in accord.  See E.D. Cal. Local Rule 110 ("Failure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).  Further, Local Rule 182(f) imposes a "continuing duty" on parties to notify the court and other parties of any change of address.  "Absent such notice, service of documents at the prior address of the . . . pro se party shall be fully effective."  E.D. Cal. R. 182(f).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See Ferdik, 963 F.2d at 1260.  These are:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendants;
> (4) the public policy favoring disposition of cases on their merits; and
> (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward.  The third factor also favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare their defense.  With the passage of time, memories fade and evidence becomes stale.  The fifth factor also favors dismissal because the court has already attempted less drastic alternatives.  Specifically, the court has granted plaintiff two extensions beyond the standard 90-day time limit to effect service—or even demonstrate any attempt to effect service.  (See ECF Nos. 9, 10.)  Each of these orders warned plaintiff that failure to respond carried a risk of dismissal.  However, plaintiff has repeatedly failed to file any proof of having even attempted service on a single defendant, leaving the court with little alternative but to recommend dismissal.

////

4

1   As to the fourth factor, the public policy favoring disposition of cases on their merits, that

2   factor is outweighed by the other <u>Ferdik</u> factors.  Indeed, it is plaintiff's own failure to prosecute

3   the case and comply with the rules that precludes a resolution on the merits.  Therefore, after

4   carefully evaluating the <u>Ferdik</u> factors, the court concludes that dismissal is appropriate.

5   **CONCLUSION**

6   Accordingly, IT IS HEREBY RECOMMENDED that:

7   1.  Plaintiff's claims be DISMISSED with prejudice pursuant to Federal Rule of Civil

8   Procedure 41(b); and

9   2.  The Clerk of Court be directed to close this case.

10   These findings and recommendations are submitted to the United States District Judge

11   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

12   days after being served with these findings and recommendations, any party may file written

13   objections with the court and serve a copy on all parties.  Such a document should be captioned

14   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15   shall be served on all parties and filed with the court within fourteen (14) days after service of the

16   objections.  The parties are advised that failure to file objections within the specified time may

17   waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th

18   Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

19   Dated:  December 23, 2020

20   CAROLYN K. DELANEY
21   UNITED STATES MAGISTRATE JUDGE

24   19.lato.0886

5